IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT,
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.

OSCAR HODGE III
     Plaintiff,

vs.

BANK OF AMERICA CORPORATION

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **OSCAR HODGE III,** by and through his undersigned counsel, sues the Defendant, **BANK OF AMERICA CORPORATION,** and states as follows:

1.     This is an action for damages as a result of Defendant, **BANK OF AMERICA CORPORATION, (BOA)'s,** deceitful and unfair trade practices, in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, and Defendant's unlawful credit reporting practices, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et sec.*

### JURISDICTIONAL ALLEGATIONS

2.     This is an action for damages that exceeds the sum of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00).

3.     That at all times relevant to this case, **OSCAR HODGE III, (HODGE),** was and is a resident of Polk County, Florida.

4.      That at all times relevant to this case, **BOA** was and is a Delaware Corporation, authorized to do and doing business in substantial business in Polk County, Florida.

## GENERAL FACTUAL BASIS

5.      That in mid-2008, **HODGE** became aware that a credit card with **BOA** had been issued using his identification information without his knowledge or consent.

6.      That in mid-2008, **HODGE** informed **BOA** of the identity theft.

7.      That on or about May 11, 2009, **BOA** informed **HODGE** that he was responsible for the fraudulent credit card debt.

8.      That **HODGE** twice requested copies of all documentation upon which **BOA**'s determination was based, including but not limited to the account application and an executed Account Agreement, and that Defendant failed to produce these documents.

9.      That reviews of Equifax and TransUnion credit reports on **HODGE** showed no records of the information that was disputed with **BOA** and reflected the fraudulent debt falsely attributed to Plaintiff.

10.     That on or about September 25, 2009, **BOA** informed **HODGE** that his fraud claim was still denied.

11.     That between the time of notification of identity theft in mid-2008 until January 2010, **BOA** continued to attempt to collect as well as report the fraudulent account as bad debt attributable to **HODGE**.

12.     That in January 2010, **BOA** sold the fraudulent debt falsely attributed to **HODGE**.

2

## GENERAL ALLEGATIONS

13.    That **BOA** failed to implement, employ, and carry out reasonable procedures designed to insure that the extension of credit, services, merchandise, and credit device(s)/card(s) would reach and be used by the person whose name and/or identity was listed on the respective application in accordance with Federal Trade Commission (FTC) Regulations, 16 CFR 681.1.

14.    That **BOA** after sufficient notification, failed to appropriately mitigate the identity theft circumstances in accordance with FTC Identity Theft Rules, 16 CFR 681.1 or implemented company standards, by (1) obtaining identifying information about, and verifying the identity of, a person claiming identity theft, as well as (2) not attempting to collect on a covered account and (3) not selling a covered account to a debt collector.

15.    That **BOA** knowingly and willfully continued to falsely report said fraud account as attributable to **HODGE**, used continued false reportings in an attempt to collect said disputed amounts from Plaintiff, and finally sold Plaintiff's claim to a debt collection agency in direct violation of 16 CFR 681.1.

16     That **HODGE** has furnished **BOA** timely notice of the identity theft and proof of the claim, and has otherwise performed all conditions precedent to entitle **HODGE** to relief from attempts to collect and incorrect disclosures to credit reporting agencies by **BOA**.

17.    That **BOA** has knowingly and willfully continued to send incorrect credit information in regard to **HODGE** to credit reporting agencies.

18.    That **BOA** has knowingly and willfully refused to stay its attempts to collect and has sold **HODGE**'s fraudulent debt to a collection agency.

3

19.  That because of **BOA**'s acts and violations, it has become necessary for **HODGE** to retain the services of the undersigned attorney, and the Plaintiff is obligated to pay the undersigned attorney a reasonable fee for his services in bringing this action.

## COUNT I

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT §501.201

20.  That **HODGE** realleges paragraphs one (1) through nineteen (19) and are incorporated herein and made a part of this claim by reference.

21.  That **HODGE** is a consumer within the meaning of Fla. Stat. § 501.203(7).

22.  That **BOA** has conducted trade or commerce with **HODGE** within the meaning of Fla. Stat. § 501.203(8)

23.  That **BOA** has engaged in unfair or deceptive acts or practices and/or unconscionable acts or practices, in the conduct of trade or commerce with **HODGE** which acts or practices are unlawful, pursuant to Fla. Stat. § 501.204.

24.  That **BOA**'s violation of the FTC regulations alleged in paragraphs thirteen (13) through fifteen (15) for mitigation of identity theft resulted in false, misleading, and unfair conduct.

25.  That the false, misleading, and unfair conduct was present in the form of **BOA**'s reports of a fraudulent account falsely attributed to **HODGE** to a credit reporting agency.

26.     That the false, misleading, and unfair conduct was present in the form of BOA's attempts to collect from HODGE by unfairly attributing the fraud account to him in violation of the FDUTPA, Fla. Stat. §501.201.

27.     That BOA's unfair, deceptive, or unconscionable acts or practices offend established public policy.

28.     That BOA's unfair, deceptive, or unconscionable acts or practices constitute violations of FDUTPA within the meaning of Fla. Stat. § 501.203.

29.     That BOA's violation of FDUTPA was willful.

WHEREFORE, HODGE has suffered a loss as a result of BOA's violations of FDUTPA and is entitled to (a) injunctive relief, (b) actual damages (c) attorney's fees (d) costs from Defendant, pursuant to Fla. Stat. § 501.11(1)-(2) and (e) such other relief, as the court deems appropriate.


## COUNT II

## FAIR CREDIT REPORTING ACT, 1681s-2[b]

30.     That HODGE realleges paragraphs one (1) through nineteen (19) and are incorporated herein and made a part of this claim by reference.

31.     That BOA regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer as discussed in the Fair Credit Reporting Act.

32.     That despite being notified of fraudulent schemes, once HODGE became aware of the facts sufficient to believe he was a victim of identity theft, BOA continued

to report false and inaccurate information and failing to retract, delete and suppress false and inaccurate information about the Plaintiff.

33.     That **BOA**'s violation of the FTC regulations alleged in paragraphs thirteen (13) through fifteen (15) likewise violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to respond to reinvestigation requests by supplying accurate and truthful information but rather continuing to report false and inaccurate information and failing to retract, delete and suppress false and inaccurate information about **HODGE**.

34.     That despite receipt of the same dispute a number of times, **BOA** failed to properly reinvestigate and respond, failed to make any effort to verify the complaints of **HODGE** and repeatedly verified and re-reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

35.     That according to the national consumer reporting agencies' reports, in each instance, **BOA** continued to falsely report about **HODGE**.

36.     That **BOA** likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

37.     That **BOA** continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported in regard to **HODGE**.

38.     That **BOA** failed to review all relevant and pertinent information provided to it by **HODGE**.

WHEREFORE, **HODGE** has suffered a loss as a result of **BOA**'s violations of the FCRA and is entitled to (a) actual damages, (b) punitive damages, (c) attorneys' fees, (d) court costs pursuant to 15 U.S.C. § 1681n-o and (e) such other relief, as the court deems appropriate.

DATED this 29th day of July, 2011.

**DANIEL E. SMITH II, ESQ.**
Florida Bar No.: 016249
**WADE B. COYE. ESQ.**
Florida Bar No.:  0832480
THE COYE LAW FIRM
730 Vassar Street
Orlando, Florida 32804
(407) 648-4940 - Office
(407) 648-4614 – Facsimile
wadecoye@orlandolaw.com
Attorney for the Plaintiff